EMMA AND A. B. BROWN v. JOHN McCONNELL ET AL.

(Case No. 1288.)

1.. POWERS — EXECUTORS.— It is not necessary to the validity of a deed of an executrix, who is authorized by the will to convey property only when advised so to do by other persons named in the will, and for the payment of debts, that the consent of the executory advisors appear on the face of the deed. It may be proved by parol; and when with their consent the sale was made to pay debts, the equitable title vests in the purchaser. The heirs have no such vested right in the homestead as would invalidate a sale of it by the widow, executrix, under such circumstances.

APPEAL from Houston. Tried below before the Hon. W. D. Wood.

Suit in trespass to try title, brought by Emma Brown, joined by her husband, A. B. Brown, against John McConnell et al., plaintiffs claiming title through heirship of Emma Brown from Isaac Adair. Defendants resisted on ground of purchase from Mrs. A. L. Adair, widow and executrix of Isaac Adair, under their plea of not guilty. The will of Isaac Adair authorized Mrs. Adair to sell property of his estate to pay debts of the estate, or maintain herself and children, but it required that she should have the advice and consent of John Murchison, Wm. M. Taylor and John T. Smith before she transferred real estate. Verdict and judgment for defendants.

The deed from Mrs. Adair to Burnett was written by Taylor, an executory advisor under the will, who said he approved the sale.

The will made the advice and consent of a majority of the executory advisors necessary to enable Mrs. Adair to transfer property. The court allowed the defendants to show verbally Taylor's consent. Smith, one of the advisors under the will, was the father of the executrix, and assisted her in negotiating the sale.

Plaintiff asked a charge to the effect that, if the property in controversy was the homestead of Isaac Adair, it

was not legally bound for the debts of his estate, and his executrix could not be forced to sell it to pay such debts; and the provision of the will for the sale of property to pay his debts would not legally apply to the homestead.

Verdict and judgment for defendants.

*Earle Adams*, for appellants.

I. The court erred in admitting the testimony offered by defendants of the sayings of Wm. M. Taylor as to his approval of the sale of the lots in controversy by Mrs. Adair to John H. Burnett, as such statements were hearsay, made after such sale, and such consent of Taylor should have been in writing.

II. Taylor's consent should have been given in writing, as he was a necessary party to the transfer. R. S., arts. 2464, 548, 554; Hilliard on Vendors, p. 000 (see note); 4 Kent's Com., pp. 369–70 and note 6.

III. The homestead forms no part of an estate, and cannot be applied to the payment of debts by depriving the surviving heirs, with homestead rights, of their exemption. R. S., art. 2335; O'Docherty v. McGloin, 25 Tex., 72; Sossaman v. Powell, 21 Tex., 665; Wood v. Wheeler, 7 Tex., 26.

*J. R. Burnett*, for appellees.

BONNER, ASSOCIATE JUSTICE.— The principal question in this case arises upon the validity of the deed made by Mrs. Adair, as executrix of Isaac Adair, deceased, to John H. Burnett.

On behalf of Mrs. Brown, plaintiff below, appellant in this court, it is sought to be avoided mainly on the ground that it is not shown in writing by the deed itself or otherwise, that William M. Taylor, John T. Smith and John Murchison, or a majority of them, advised and consented to the sale of the land, made by Mrs. Adair to John N. Burnett, as provided in the will of Isaac Adair, deceased.

The general doctrine in regard to the defective execution of a valid power is thus stated: " Where forms are imposed on the execution of a power, the circumstances must be strictly adhered to; and however arbitrary and unessential to the validity of the appointing instrument, they must be strictly pursued, in order to constitute a good execution in law. But whenever the intention to execute a power is sufficiently manifest, but the execution is defective, or it has not been executed according to the terms or in the form prescribed, equity will correct the mistake or supply the defect. . . . · If the attorney or agent has attempted to execute the power, but has done it defectively, the party claiming under it cannot avail of it, at law, but equity interposes its aid, upon the broad principle of relieving against accident or mistake." White & Tudor's Leading Cases in Equity, notes to Tollett v. Tollett (4th ed.), vol. 1, part 1, 380, and many authorities cited to both points. It is therein stated, in this same connection, that equity will aid the defective execution of a power in favor of purchasers for a valuable consideration, citing authorities.

In the well-considered case of Giddings v. Butler, 47 Tex., 535, the above distinction between the relief afforded by a court of law and that by a court of equity, in such cases, is clearly recognized, and it is there held, that when a trust is executed by one of several joint executors, with the consent and approbation of the others, or when the others subsequently ratify a sale made by one under the trust, the act of the single executor will be regarded in equity as binding upon the estate. And that a deed made by one of several executors, authorized by will to act independently of the control of the probate court, if authorized by the co-executors, and approved by them when made, is merely an irregular and imperfect execution of the power, which will be aided in equity.

That was a stronger case against the exercise of equitable relief than the present, as the right of disposition of the property was vested jointly in the executors; here it was vested solely in Mrs. Adair, who made the deed, the advice and consent only of Taylor, Smith and Murchison, or a majority of them, being required.

Amongst other cases quoted in Giddings v. Butler, 47 Tex., 546, by the learned judge delivering that opinion, are those of Taylor v. Adams, 2 Serg. & R., 533, and Silverthorn v. McKinster, 12 Pa. St., 67. In the latter the court say: "As there was strong evidence that Thomas Miles, one of them (the executors), assented to the sale made by the other two to Burns, it was properly left to the jury to say whether, in truth, the sale was made by all the executors; upon the principle that subsequent ratification is equivalent to precedent participation. Taylor v. Adams, 2 Serg. & R., 534. That case shows, too, that a general power to sell, given by last will, may be executed by parol, and that such a sale, partly executed by possession, passes an equitable estate to the vendee, recoverable in ejectment, notwithstanding the statute of frauds, just as a similar sale by one in his own right conveys an equitable title. There is, in fact, in this respect, no difference between the exercise of a power to sell, unshackled by particular directions for its execution, and a sale made of one's own estate."

These authorities are decisive of the case now before the court. The testimony shows that the sale by Mrs. Adair was made for the payment of debts against the estate; that the purchase money was paid by the purchaser, John H. Burnett, and he placed into possession, and the proceeds of the sale applied to the indebtedness; hence the sale was made in pursuance of one of the contingencies provided for in the will. The testimony also shows that both Taylor and Smith, who composed a majority of the three whose advice and consent were required by the

will to make the sale by Mrs. Adair, participated in it — Smith, her father, and who acted as her agent in the matters of the estate, in fact, negotiated the sale; and Taylor, who was also made her legal adviser by the will, prepared the deed. The objections to the evidence to this effect, of the subsequent declarations of Smith and Taylor, were not, in our opinion, well taken. They were not hearsay declarations, but those of the parties themselves, in regard to acts which it was made their duty to have performed. Neither were their statements in disparagement of the title already conveyed, but were in support of it. Even had they not been admissible for any other purpose, they were, under the above authorities, to show their ratification of the act of Mrs. Adair in making the sale.

It is further shown by the testimony that the appellees, McConnell *et al.*, defendants below, were purchasers for value under John H. Burnett, the original vendee, and who was also a purchaser for value, and hence came within one of the classes in whose aid a court of equity will interfere.

The question of the forced sale of the homestead does not arise in this case. In one contingency under the will, Mrs. Adair was the devisee and beneficiary of this property; and in any event she had the management, control and sale of it, with the advice and consent of Taylor, Smith and Murchison, or a majority of them. If, in fact, it were the homestead, she had the right to voluntarily sell it as she did for the payment of debts, in preference to other property, and the plaintiff had no such vested right in it, as a homestead, which would invalidate the sale on that ground.

AFFIRMED.

[Opinion delivered February 7, 1882.]